NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE MARJORIE FISTER | : <br> : <br> : Civil No. 14-5353 <br> : <br> : **OPINION** <br> : |

HILLMAN, District Judge.

This matter comes before the Court on an *ex parte* motion for an emergency temporary restraining order filed by Movant Ellen Oxman Fister [ECF No. 1]. For the reasons expressed below, the Court entered an Order denying this motion on August 27, 2014.

**I.  Background**

This current action is the latest in what appears to be a series of disputes between Mr. Kevin Fister and Ms. Ellen Oxman Fister regarding the competency of their mother, Ms. Marjorie Fister ("Mrs. Fister"). In 2013, Kevin Fister filed a petition in the Superior Court of New Jersey, Monmouth County seeking a judgment declaring that Mrs. Fister is an incapacitated person and appointing a temporary or permanent guardian. Kevin Fister sought to become her guardian. By an order dated April 29, 2013, Judge Patricia Del Bueno Cleary dismissed the complaint, finding that Kevin Fister, as the petitioner, did not meet his burden of establishing that Mrs. Fister is incapacitated. Thereafter, on May 21, 2013, Mrs. Fister executed a power of attorney, appointing her daughter Mrs. Ellen Oxman Fister as Attorney in Fact (the "POA").

Subsequently, on December 17, 2013, Kevin Fister filed a petition in the Supreme Court of the State of New York, County of New York, seeking the appointment of a temporary and permanent guardian of Mrs. Fister. Kevin Fister again sought to be appointed as the temporary

1

guardian. On June 6, 2014, Judge Lottie E. Wilkins filed an order and opinion granting the petition, and, *inter alia*, appointing a temporary guardian of Mrs. Fister. She set a hearing on the capacity of Mrs. Fister for the morning of August 28, 2014.

Late in the afternoon on August 27, 2014, counsel for Ms. Ellen Oxman Fister (the "Movant") filed an emergency motion for a temporary restraining order in this Court, seeking an order temporarily enjoining Kevin Fister and all other parties "from interference with the powers vested in Ellen pursuant to the POA and further enjoining any action of any kind or proceeding by any person wherever situate from any interference with Ellen's exercise of those duties and responsibilities pursuant to the POA." Letter Br. at 1. The motion was filed *ex parte* with papers suggesting notice to Kevin Fister should be excused.

**II.    Discussion**

The Court has already issued an Order denying Movant Ellen Oxman Fister's request for a temporary injunction. As an initial matter, the Court was constrained in its ability to even address the merits of the motion, as Movant had failed to file either a complaint or pay a filing fee. Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. An appropriate complaint must satisfy certain substantive requirements, such as containing a "short and plain statement of the grounds of the court's jurisdiction; "a "short and plain statement of the claim showing that the pleader is entitled to relief;" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Here, there has been absolutely no complaint filed, leaving the Court completely in the dark about what the cause of action, nevertheless the grounds for jurisdiction.

Furthermore, a civil action requires a filing fee. *See* 28 U.S.C. § 1914. As a rule, this Court should not address either the issue of jurisdiction or the merits of the complaint until a

filing fee is paid or an *in forma pauperis* application is granted.  *See Tilli v. Exxon-Mobil Corp.*, 346 F. App'x 751, 752 n.1 (3d Cir. 2009) (citing *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)).  Nevertheless, a review of the moving papers indicates that Movant has failed to establish jurisdiction in this court.  It appears that Movant is relying on the Full Faith and Credit Clause of the Constitution as her jurisdictional hook.  This reliance is misplaced, as "the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action."  *Thompson v. Thompson*, 484 U.S. 174, 182–83 (1988) (citing *Minnesota v. Northern Securities Co.*, 194 U.S. 48, 72 (1904)); *see also La Maina v. Brannon*, 804 F. Supp. 607, 611 (D.N.J. 1992) ("[T]he Full Faith and Credit Clause of the Constitution does not give rise to an implied federal cause of action.").

Furthermore, the Court finds that this motion substantively fails to establish the requirements for issuing a temporary restraining order.  The decision to issue a temporary restraining order and/or a preliminary injunction is governed by the same standard, wherein the moving party must prove:

> (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly,* 309 F.3d 144, 157 (3d Cir.2002));  *see also Singer Management Consultants, Inc. v. Milgram*, 650 F.3d 223, 236 n. 4 (3d Cir.2011) (addressing temporary restraining orders and preliminary injunctions together, "as the two share nearly identical factors which courts evaluate in granting such interim relief and, in certain

circumstances, have identical legal effect"). Here, Movant has failed to establish any of these factors.

First, the Court finds that Movant is unlikely to prevail in this litigation. The Court cautions that it has been unable to properly assess the merits of this case because the lack of complaint has left it unable to ascertain the exact cause of action Movant is bringing. As a general matter, the Court is not convinced that the 2013 decision from Judge Cleary regarding the competency of Mrs. Fister is binding on every court thereafter. "Competency" is a changeable state. The 2014 decision from Judge Wilkins in the New York Supreme Court was based on new and different set of facts, which could have fairly led to a contrary conclusion regarding the competency of Mrs. Fister. Accordingly, the Court doubts that issue or claim preclusion is applicable here, although these defenses may be properly raised before Judge Wilkins in the New York Supreme Court.

Next, in terms of irreparable harm, Movant was seeking to enjoin a hearing that was occurring the next day. Assuming proper jurisdiction in the New York Supreme Court and the right to appeal, there is no is real sign of irreparable harm. While the Court is sympathetic to Movant's assertions that she fears for the life of her mother—she alleges her mother is living in a state of squalor in a Bronx nursing home—an order issued by this Court enjoining the hearing would not change her mother's circumstances or living conditions. There is no reason to believe that the New York Supreme Court is not fully competent to make decisions about Mrs. Fister considering its superior knowledge of the record and the history of this case.

A balancing of the equities and a consideration of the public interest also weigh against issuing a temporary restraining order. Movant has known since early June that the hearing at issue was going to be held on August 28, 2014, and made no application attempting to enjoin this

hearing until the evening before it occurred. On the other hand, the other parties and the court are prepared and ready to go forward with the hearing in New York without any apparent knowledge of Movant's efforts in this Court. Movant's failure to move for any relief until last minute, and to do so *ex parte*, leads this Court to the conclusion that issuing a temporary restraining order would harm Kevin Fister - and the orderly administration of justice in New York - more than denying relief would harm Movant here. Certainty in guardianship is an important public interest to the courts that have already addressed this controversy. There is no reason why this Court would add anything to the process or address any issues that would not be addressed in the New York Supreme Court.

Overall, there were numerous reasons why this motion for a temporary restraining order had to be denied. Perhaps most glaring is Movant's failure to actually commence a civil action by filing a complaint or paying a filing fee. This alone is enough to dismiss the case without addressing the merits. The Court is additionally inhibited from addressing the merits of the case because Movant has failed to establish that jurisdiction is proper in this Court. Finally, the substantive motion has failed to meet the four factors necessary for a temporary restraining order to issue, most significantly because Movant has failed to establish any irreparable injury that would result from the denial of her requested relief. Accordingly, the motion for a temporary restraining order must be denied.

### III. Conclusion

For the foregoing reasons, Movant Ellen Oxman Fister's Motion for a Temporary Restraining Order [ECF No. 1] was denied. An appropriate Order was issued on August 27, 2014.

/s/ Noel L. Hillman
Dated: August 29, 2014                    NOEL L. HILLMAN, U.S.D.J.